CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

FEB 14 2020

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON

UNITED STATES OF AMERICA )
) Criminal No. 1:20-cr-00007
v. )
)
ANIMAL HEALTH INTERNATIONAL, INC. )

## PLEA AGREEMENT

ANIMAL HEALTH INTERNATIONAL, INC. (EIN: 84-0575063) ("AHI") has entered into a Plea Agreement with the United States of America, by counsel, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."). The terms and conditions of this Plea Agreement are as follows:

1. **CHARGE TO WHICH AHI IS PLEADING GUILTY AND WAIVER OF RIGHTS**

    AHI will enter a plea of guilty to Count One of the Information charging it with violating Title 21, United States Code, Sections 331(a), 333(a)(1), and 352(f)(1) in the Western District of Virginia by introducing and delivering for introduction, and causing the introduction and delivery for introduction, into interstate commerce of veterinary prescription drugs that were misbranded.

    AHI understands, and the parties agree and stipulate, the maximum statutory penalty is a fine of $14,855,856 (fourteen million eight hundred fifty-five thousand eight hundred fifty-six dollars), pursuant to Title 18, United States Code, Section 3571(d), and a period of probation of five (5) years, pursuant to Title 18, United States Code, Section 3561(c)(2). In addition, AHI's assets are subject to forfeiture. AHI understands fees may be imposed to pay for probation and there will be a $125 (one hundred twenty-five dollars) special assessment for Count One, pursuant to Title 18, United States Code, Section 3013(a)(1)(B)(iii). AHI's attorneys have informed it of the nature of the charge and the elements of the charge that must be proved by the United States beyond a reasonable doubt before AHI could be found guilty as charged.

    AHI admits and agrees that all of the statements and allegations in the Information are true and correct.

    AHI acknowledges AHI has had all of its rights explained to it. AHI expressly recognizes that, as a corporation, AHI may have the following constitutional rights and by voluntarily pleading guilty AHI knowingly waives and gives up these valuable constitutional rights:

    The right to plead not guilty and persist in that plea.
    The right to a speedy and public jury trial.
    The right to assistance of counsel at that trial and in any subsequent appeal.
    The right to remain silent at trial.
    The right to testify at trial.
    The right to confront and cross-examine witnesses.
    The right to present evidence and witnesses.

The right to compulsory process of the court.
The right to compel the attendance of witnesses at trial.
The right to be presumed innocent.
The right to a unanimous guilty verdict.
The right to appeal a guilty verdict.

AHI is pleading guilty as described above because AHI is in fact guilty and because AHI believes it is in its best interest to do so and not because of any threats or promises, other than the terms of this Plea Agreement, described herein, in exchange for its plea of guilty. AHI agrees all of the matters set forth in the Information are true and correct.

AHI understands the plea is being entered in accordance with Fed. R. Crim. P. 11(c)(1)(C).

## 2. SENTENCING PROVISIONS

The parties agree the 2018 version of the United States Sentencing Commission Guidelines Manual ("U.S.S.G.") is the appropriate Guidelines Manual to utilize. According to U.S.S.G. § 8C2.1, the organizational fine provisions do not apply to the count of conviction in this case, which is a misdemeanor under 21 U.S.C. § 333(a)(1).

The parties agree and stipulate:
    a. the fine shall be $5,000,000 (five million dollars);
    b. AHI shall pay $1,000,000 (one million dollars) to the Virginia Department of Health Professions ("DHP") in recognition of direct assistance provided by DHP to the United States during the investigation;
    c. AHI shall forfeit $46,802,203 (forty-six million eight hundred two thousand two hundred three dollars); and
    d. AHI shall serve a term of probation of one to three years, as determined by the Court.

The Court will determine what terms and length of probation are appropriate and the parties will be free to argue for which terms and length of probation they believe are appropriate. AHI understands and agrees if its probation is revoked, it may be resentenced and a total aggregate fine up to the statutory maximum may be imposed.

The parties agree if the Court refuses to accept this Plea Agreement with the agreed-upon sentence, AHI will be free to withdraw its guilty plea. In the event the Court refuses to accept this Plea Agreement and AHI withdraws its guilty plea within ten days of being notified of the Court's refusal, nothing in this Plea Agreement shall be deemed a waiver of the provisions of Federal Rule of Evidence ("Fed. R. Evid.") 410. Under these circumstances, the United States will move to dismiss the Information without prejudice and the United States may file any charges it could have filed in the absence of the plea agreement. AHI agrees to toll the statute of limitations between the date of the plea and the filing of any such charges.

## 3. FINANCIAL OBLIGATIONS

AHI agrees and understands any of the money paid pursuant to this Plea Agreement will be returned if, and only if, the Court refuses to accept this Plea Agreement with the agreed-upon sentence and, as a result, AHI withdraws its guilty plea. If the Court rejects this Plea Agreement and AHI withdraws its guilty plea, the United States will return all money paid by AHI, without

interest, not more than thirty (30) days after AHI withdraws its guilty plea and notifies the United States Attorney's Office for the Western District of Virginia ("USAO"), in writing, it wishes to have the money returned.

In addition, in accordance with 18 U.S.C. § 3572(d)(3), AHI will notify the Court of any material change in AHI's economic circumstances that might affect AHI's ability to pay any amounts payable under this Plea Agreement.

    **a.**    **Payments**

Within 7 days of the entry of AHI's guilty plea, AHI will make the following disbursements:

    (1)    $125 (one hundred twenty-five dollars) to the Clerk, U.S. District Court, Abingdon, Virginia, as payment of the special assessment.

    (2)    $5,000,000 (five million dollars) to the Clerk, U.S. District Court, Abingdon, Virginia, as payment of the fine;

    (3)    $1,000,000 (one million dollars) to the Virginia Department of Health Professions. These funds must be remitted in the form of certified funds made payable to the "Treasurer of Virginia." The comment section of the check should note "DHP-Enforcement" in recognition of direct assistance provided to the United States during the investigation; and

    (4)    $46,802,203 (forty-six million eight hundred two thousand two hundred three dollars) made payable to the United States Marshals Service, as directed by the USAO as payment of a forfeiture money judgment.

    **b.**    **Forfeiture**

AHI agrees to the entry of a forfeiture money judgment in the amount of $46,802,203 (forty-six million eight hundred two thousand two hundred three dollars) in United States currency ("Forfeiture Money Judgment") pursuant to 21 U.S.C. §§ 334 and 853(p), and 28 U.S.C. § 2461(c). AHI agrees that the value of the quantities of prescription drugs which were misbranded in violation of 21 U.S.C. § 331(a) totaled at least $46,802,203 (forty-six million eight hundred two thousand two hundred three dollars) in United States currency.

AHI acknowledges and agrees the quantities of the drugs which were misbranded in violation of 21 U.S.C. § 331(a) cannot be located upon exercise of due diligence, or have been transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty. Accordingly, AHI agrees the government is entitled to forfeit as substitute assets any other assets of AHI up to the value of the now missing directly forfeitable assets, pursuant to

21 U.S.C. § 853(p). Payment in full of the Forfeiture Money Judgment shall satisfy any and all forfeiture obligations that AHI may have as a result of this guilty plea. AHI consents to the entry of an Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure forfeiting the above-referenced Forfeiture Money Judgment.

AHI agrees to sign any documentation necessary and to cooperate fully with the United States to accomplish the forfeiture. AHI agrees to forfeit all interest in these funds and to take whatever steps are necessary to pass clear title of these funds to the United States.

AHI agrees not to file a claim in any forfeiture proceeding or to contest, in any manner, the forfeiture of said assets. AHI agrees not to file or interpose any claim or to assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgement in any administrative or judicial proceeding.

AHI understands and agrees forfeiture of this property is proportionate to the degree and nature of the offense. AHI freely and knowingly waives any and all constitutional and statutory challenges to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including, but not limited to, that the forfeiture constitutes an excessive fine or punishment. AHI further understands and agrees this forfeiture is separate and distinct from, and is not in the nature of, or in lieu of, any monetary penalty or other monetary judgment that may be imposed by the court.

### c. Restitution

The parties agree and stipulate, pursuant to 18 U.S.C. § 3663(a)(1)(B)(ii), that no restitution will be ordered.

## 4. ADDITIONAL OBLIGATIONS

Unless the Court rejects this Plea Agreement and, as a result, AHI withdraws its plea, AHI agrees to: (1) accept responsibility for its conduct; (2) not attempt to withdraw its guilty plea; (3) not deny it committed the crime to which it has pled guilty; (4) comply with any reasonable request of the United States Attorney's Office and (5) not make or adopt any arguments or objections to the presentence investigation report that are inconsistent with this Plea Agreement.

Neither AHI, nor its corporate parent (Patterson Companies, Inc. ["Patterson"]), will (1) make any public statement or (2) make any statement or take any position in litigation in which any United States department or agency is a party, contradicting any statement or provision set forth in the Plea Agreement or its attachments. If Patterson or AHI makes a public statement that in whole or in part contradicts any such statement or provision, AHI may avoid being in violation of this Plea Agreement by promptly publicly repudiating such statement. For the purposes of this paragraph, the term "public statement" means any statement made or authorized by Patterson's and AHI's directors, officers, employees, or attorneys and includes, but is not limited to, a statement in (1) a press release, (2) public relations material, or (3) Patterson or AHI websites. Notwithstanding the above, Patterson and AHI may avail themselves of any legal or factual arguments available (1) in defending litigation brought by a party other than the United States or (2) in any inquiry, complaint, notice of violation, investigation or proceeding brought by a state entity or by the United States Congress. This paragraph does not apply to any statement made by

any individual in the course of any actual or contemplated criminal, regulatory, administrative, or civil case initiated by any governmental or private party against such individual.

5. **WAIVER OF RIGHT TO APPEAL AND COLLATERALLY ATTACK THE JUDGMENT AND SENTENCE IMPOSED BY THE COURT**

If the Court accepts this Plea Agreement, AHI agrees AHI will not appeal the conviction or sentence imposed. AHI is knowingly and voluntarily waiving any right to appeal and is voluntarily willing to rely on the Court in sentencing it, pursuant to the terms of Fed. R. Crim. P. 11(c)(1)(C). AHI expressly waives its right to appeal as to any and all issues in this matter and waives any right it may have to collaterally attack, in any future proceeding, any order issued in this matter, unless such appeal or collateral attack cannot be waived, by law. AHI understands the United States expressly reserves all of its rights to appeal, but if the United States initiates a direct appeal of the sentence imposed, AHI may file a cross appeal of that same sentence. AHI agrees and understands if it files any court document (except for an appeal or collateral attack based on an issue that cannot be waived, by law) seeking to disturb, in any way, any order imposed in the case such action shall constitute a failure to comply with a provision of this Plea Agreement.

6. **INFORMATION ACCESS WAIVER**

AHI agrees to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a. However, if a third party obtains any records pertaining to the investigation or prosecution of this case under the Freedom of Information Act, AHI shall have the right to request copies of such disclosed records.

7. **ADMISSIBILITY OF STATEMENTS**

AHI understands any statements made on its behalf (including, but not limited to, this Plea Agreement and its admission of guilt) during or in preparation for any guilty plea hearing, sentencing hearing, or other hearing and any statements made, in any setting, may be used against AHI by the United States in this or any other proceeding. AHI knowingly waives any right it may have under the Constitution, any statute, rule or other source of law to have such statements, or evidence derived from such statements, suppressed or excluded from being admitted into evidence in this or any other proceeding. If, and only if, the Court rejects this Plea Agreement, and, as a result, AHI withdraws its plea, AHI will not be bound by the waivers set forth in this section of the Plea Agreement.

8. **COMPLETION OF PROSECUTION**

Pursuant to Fed. R. Crim. P. 11(c)(1)(A), so long as AHI complies with all of its obligations under this Plea Agreement, the United States agrees, other than the charge in the attached Information, it shall not further criminally prosecute AHI for any additional federal criminal

charges or forfeiture action with respect to any offenses set forth in the Information or Non-Prosecution Agreement with Patterson (Attached as Attachment B).

Nothing in this Plea Agreement affects the administrative, civil, criminal, or other tax liability of any entity or individual and this Plea Agreement does not bind the Internal Revenue Service of the Department of Treasury, the Tax Division of the United States Department of Justice, or any other government agency with respect to the resolution of any tax issue.

## 9. LIMITATION OF PLEA AGREEMENT

This Plea Agreement is limited to the United States Department of Justice and does not bind any other federal, state, or local authority.

## 10. COMPLIANCE AND REMEDIAL MEASURES

AHI agrees to comply with the Corporate Compliance Program Agreement attached hereto as Attachment C.

## 11. COOPERATION

AHI acknowledges that its ongoing and future cooperation is important and a material fact underlying the United States' decision to enter into this Plea Agreement. AHI agrees to continue to cooperate fully and actively with the United States regarding any matter, including, but not limited to, matters involving (a) current and former AHI personnel, and (b) other entities who operate in the same commercial segment as AHI and/or Patterson during the Term of the Non-Prosecution Agreement with Patterson, provided however that any cooperation in an ongoing investigation or prosecution shall continue until such investigation or prosecution is concluded.

Nothing in this Plea Agreement shall be construed to require Patterson or AHI to waive any attorney-client privilege or work-product protection.

## 12. REMEDIES FOR FAILURE TO COMPLY WITH ANY PROVISION OF THIS PLEA AGREEMENT

AHI understands if: (1) AHI attempts to withdraw its plea (in the absence of the Court refusing to accept this Plea Agreement); (2) AHI fails to comply with any provision of this Plea Agreement; (3) AHI's conviction is set aside, for any reason; and/or (4) AHI fails to execute all required paperwork prior to the imposition of judgment, the United States may, at its election, pursue any or all of the following remedies: (a) declare this Plea Agreement void; (b) file, by indictment or information, any charges which were filed and/or could have been filed concerning the matters involved in the instant investigation; (c) refuse to abide by any stipulations and/or recommendations contained in this Plea Agreement; (d) not be bound by any obligation of the United States set forth in this Plea Agreement, including, but not limited to, those obligations set forth in the section of this Plea Agreement titled "COMPLETION OF PROSECUTION;" and (e) take any other action provided for under this Plea Agreement or by statute, regulation or court rule.

The remedies set forth above are cumulative and not mutually exclusive. If the United States pursues any of its permissible remedies as set forth in this Plea Agreement, AHI will still be bound by its obligations under this Plea Agreement. AHI hereby waives its right under Fed. R. Crim. P. 7 to be proceeded against by indictment and consents to the filing of an information against it concerning any charges filed pursuant to this section of this Plea Agreement. AHI hereby waives any statute of limitations argument as to any such charges.

## 13. EFFECTIVE REPRESENTATION

AHI has discussed the terms of this Plea Agreement and all matters pertaining to the charges against it with its attorneys and is fully satisfied with its attorneys and its attorneys' advice. At this time, AHI has no dissatisfaction or complaint with its attorneys' representation. AHI agrees to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint AHI may have with its attorneys' representation.

## 14. EFFECT OF AHI'S SIGNATURE

AHI understands its Authorized Corporate Officer's signature on this Plea Agreement constitutes a binding offer by it to enter into this Plea Agreement. AHI understands the United States has not accepted AHI's offer until the authorized representative of the United States has signed this Plea Agreement.

## 15. GENERAL UNDERSTANDINGS

AHI understands a presentence investigation will be conducted and sentencing recommendations independent of the USAO will be made by the presentence preparer.

AHI understands the United States and AHI retain the right, notwithstanding any provision in this Plea Agreement, to inform the probation office and the Court of all facts, to address the Court with respect to the nature and seriousness of the offense and the offender, to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, and to respond to any statements made to the Court.

AHI willingly stipulates there is a sufficient factual basis for the Court to accept the plea.

AHI understands this Plea Agreement does not apply to any crimes or charges not addressed in this Plea Agreement.

AHI has not been coerced, threatened, or promised anything other than the terms of this Plea Agreement, described above, in exchange for its plea of guilty. AHI understands its attorneys will be free to argue any mitigating factors on its behalf to the extent they are not inconsistent with the terms of this Plea Agreement. AHI understands AHI will have an opportunity to have a representative address the Court prior to sentence being imposed.

This writing, the Non-Prosecution Agreement with Patterson (attached as Attachment B), the Corporate Compliance Program Agreement (attached as Attachment C), and the Agreed Order of Forfeiture (attached as Attachment D) are the complete and only agreements between the United States and AHI concerning resolution of this matter. In addition, AHI has no objection to the filing of the Information.

*Plea Agreement*
*United States v. Animal Health International, Inc.*   *Authorized Corporate Officer's Initials:* KMP

Page 7 of 9

The agreements and documents listed in this section set forth the entire understanding between the parties and constitute the complete agreement between the United States Attorney for the Western District of Virginia and AHI and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. These agreements supersede all prior understandings, promises, agreements, or conditions, if any, between the United States and AHI. AHI consents to public disclosure of all of the agreements and other documents referenced in this section.

AHI has consulted with its attorneys and fully understands its rights. AHI has read this Plea Agreement and carefully reviewed every part of it with its attorneys. AHI understands this Plea Agreement and AHI voluntarily agrees to it. Being aware of all of the possible consequences of its plea, AHI has independently decided to enter this plea of its own free will and is affirming that agreement on this date by the signature of its Authorized Corporate Officer ("Officer") below.

The Officer, by signing below, hereby certifies to the following:

(1) The Officer is fully authorized to enter into this Plea Agreement on behalf of AHI;
(2) The Officer has read the entire Plea Agreement and documents referenced herein and discussed them with AHI's Board of Directors;
(3) AHI understands all the terms of this Plea Agreement and those terms correctly reflect the results of plea negotiations;
(4) AHI is fully satisfied with AHI's attorneys' representation during all phases of this case;
(5) AHI is freely and voluntarily pleading guilty in this case;
(6) AHI is pleading guilty as set forth in this Plea Agreement because it is guilty of the crime to which it is entering its plea; and
(7) AHI understands it is waiving its right to appeal the judgment and conviction in this case.

AHI acknowledges its acceptance of this Plea Agreement by the signature of its counsel and Officer. A copy of a certification by AHI's Board of Directors authorizing the Officer to execute this Plea Agreement and all other documents to resolve this matter on behalf of AHI is attached as Attachment A.

Date: 2/13/2020

Authorized Corporate Officer
AHI

Counsel has fully explained to the Board of Directors of AHI the facts and circumstances of the case; all rights with respect to the offense charged in the Information; possible defenses to the offense charged in the Information; all rights with respect to the applicability of the Sentencing Guidelines; and the consequences of entering into this Plea Agreement and entering a guilty plea. Counsel has reviewed this entire Plea Agreement and documents referenced herein with the client, through its Officer. AHI understands the terms and conditions of this Plea Agreement, and AHI's decision to enter into this Plea Agreement is knowing and voluntary. AHI's execution of and entry into the Plea Agreement is done with Counsel's consent.

Date: 2/13/2020

_____
Amy Conway-Hatcher, Esquire
Kyle Clark, Esquire
Baker Botts L.L.P.
Counsel for AHI

Date: 2-13-2020

_____
Randy Ramseyer
Assistant United States Attorney

*Plea Agreement*
*United States v. Animal Health International, Inc.*

***Authorized Corporate Officer's Initials:*** *KMP*

Page 9 of 9