# NON-PROSECUTION AGREEMENT

1.  The United States Attorney's Office for the Western District of Virginia ("USAO-WDVA") and Patterson Companies, Inc. ("Patterson"), and any and all current and former affiliated entities including, but not limited to, Animal Health International, Inc. ("AHI") (collectively referred to as the "Company") enter into this Non-Prosecution Agreement ("Agreement") to resolve the investigation by the USAO-WDVA of the Company related to possible violations of federal laws relating to the licensing, dispensing, distribution, or sale of veterinary prescription drugs.

2.  This Agreement, in conjunction with the Plea Agreement with AHI ("Plea Agreement"), resolves all of the Company's potential federal criminal liability for the offenses covered herein and in the Plea Agreement.

3.  The USAO-WDVA enters into this Agreement based on the individual circumstances presented by this case including:

    a.  Patterson's cooperation with the USAO-WDVA investigation since June 2018, and AHI's subsequent cooperation under the direction of Patterson, as well as the Company's continued cooperation under the direction of the Special Investigation Committee of the Board of Directors of Patterson ("SIC") which was formed in April 2019. Since 2018, the Company has conducted a thorough and robust internal investigation; proactively brought information to the USAO-WDVA's attention, remediated noncompliant activity and implemented control enhancements, including certain licensing, dispensing, distribution and related sales practices company-wide; made factual presentations to the USAO-WDVA; timely and fully produced all requested documents; entered into agreements tolling relevant statutes of limitations; and collected, analyzed, and organized voluminous data and information for the USAO-WDVA.

    b.  Patterson's voluntary disclosure to the USAO-WDVA of non-compliant licensing, dispensing, distribution, and sales at AHI and Patterson beyond AHI's conduct set forth in the Information and Plea Agreement, and its timely efforts to remediate non-compliant activity and enhance controls and processes to mitigate against future reoccurrence. The additional non-compliant activity involved wholesale distribution of veterinary prescription drugs: (i) without verifying the continued validity of all practitioners' licenses in the receiving state; (ii) without verifying that an alternate location requested by the customer was authorized by state law to receive veterinary prescription drugs; (iii) without verifying that veterinarians licensed in Virginia were also associated with a veterinary establishment registered with the Virginia Board of Veterinary Medicine, (iv) without valid licensure to ship to the state to which the drugs were shipped, and/or (v) to end users in states where drop shipments by wholesalers to end users is not allowed. The additional non-compliant activity was due to prior weaknesses and inconsistencies among AHI and Patterson regulatory functions and processes, as well as system challenges presented by the Company's enterprise resource planning implementation. The Company has since taken extensive

*Attachment B – Non-Prosecution Agreement with Patterson Companies, Inc.*
*United States v. Animal Health International, Inc.*

Page 1 of 5

proactive steps to enhance its regulatory function, capabilities and support to guide the business and other control functions on regulatory compliance matters. It has also enhanced its regulatory system controls to address the issues disclosed in the investigation and to verify that veterinary prescription drugs are shipped from facilities with required state licenses and to customers and locations authorized by state law to receive veterinary prescription drugs. Consistent with its approach to the USAO-WDVA, Patterson also disclosed the pending federal investigation to state regulators in all 50 states and continues to engage with state regulators, as appropriate, on matters related to the USAO-WDVA investigation.

      c.     The Company's enhanced regulatory compliance processes and commitment to implement a compliance program that meets the minimum elements set forth in Attachment C to the Plea Agreement ("Corporate Compliance Program Agreement").

      d.     The Company's agreement to comply with the terms of the Agreement and Plea Agreement.

      e.     AHI's admission to and the Company's agreement with the facts and allegations set forth in the Plea Agreement.

      f.     Although the investigation did not involve controlled substances, the Company's recognition that diversion of controlled substances, including drugs of the type that are prescribed and dispensed by veterinarians, such as buprenorphine and hydrocodone, should be a concern of all distributors and dispensers of those drugs and the Company's ongoing commitment to be proactive in deterring diversion and identifying and notifying authorities of suspicious ordering.

    4.     The Company agrees it will not take any tax deduction or seek or accept directly or indirectly reimbursement or indemnification from any source for any payments made pursuant to the Plea Agreement.

    5.     No money paid by the Company will be returned, and the Company expressly agrees to release any and all claims it may have to the money. The Company will not file any claim or otherwise contest the payment of money set forth in this Plea Agreement, and it will not assist anyone in asserting a claim to the money.

    6.     Nothing in this Agreement or any related documents is an admission by the United States that the amounts paid by the Company are the maximum amounts that could be recovered from the Company in the absence of an accepted plea agreement. If the Company does not comply with all of its obligations under this Agreement, the United States is not precluded from arguing or presenting evidence that the total amount to be paid by the Company should be higher.

    7.     The Company's obligations under this Agreement shall have a term of 42 months from the date on which the Agreement is executed (the "Term").

*Attachment B – Non-Prosecution Agreement with Patterson Companies, Inc.*
*United States v. Animal Health International, Inc.*

Page 2 of 5

8. During the Term, the Company will fully cooperate with the USAO-WDVA.

9. During the Term, the Company shall undertake and abide by the terms of the Corporate Compliance Program Agreement in Attachment C to the Plea Agreement.

10. If the Company complies with all of the terms of this Agreement and the Plea Agreement, the USAO-WDVA will not prosecute the Company for any criminal conduct occurring prior to the entering of this agreement concerning:

    a. The subject matter of the Information to which AHI is pleading guilty; or

    b. Facts disclosed by the Company to the USAO prior to entering this agreement related to the Company's licensing, dispensing, distribution, or sale of veterinary prescription drugs.

11. However, if the USAO-WDVA, in its sole discretion, determines the Company (a) provided deliberately false, incomplete, or misleading information at any time in connection with this Agreement or (b) violated any provision of this Agreement, then the USAO-WDVA will not be bound to their agreement not to prosecute the Company for the matters covered in paragraph 10. Should the USAO-WDVA determine that the Company has violated any provision of this Agreement, the USAO-WDVA shall provide prompt written notice to the Company addressed to its General Counsel, and to its outside counsel, Amy Conway-Hatcher, Baker Botts LLP, 1299 Pennsylvania Avenue NW, Washington, DC, or to any successor the Company may designate, of the alleged violation and provide the Company with a 45 (forty-five) day period from the date of receipt of notice in which to make a presentation to the USAO-WDVA to demonstrate that no violation occurred, or, to the extent applicable, that the violation should not result in adverse action, including because the violation has been cured by the Company. In the event of a violation, the Company will not assert any claim under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other rule or law, that any statements or testimony made by or on behalf of the Company prior or subsequent to this Agreement, or any leads derived therefrom, should be suppressed or are otherwise inadmissible in any proceeding brought by the Department of Justice. If, as a result of a violation, the United States charges the Company, the Company hereby waives any statute of limitations defense for any offense not time-barred by the applicable statute of limitations on the date this Agreement is signed, including time protected as the result of existing agreements to toll the applicable statute of limitations.

12. The Company will not, through its present or future directors, officers, employees, agents, (1) make any public statement or (2) make any statement or take any position in litigation in which any United States department or agency is a party, contradicting any statement or provision set forth in the Plea Agreement or its attachments. If the Company makes a public statement that in whole or in part contradicts any such statement or provision, the Company may avoid being in violation of this Agreement by promptly publicly repudiating such statement. For the purposes of this paragraph, the term "public statement" means any statement made or authorized by the Company's directors, officers, employees, or attorneys and includes, but is not limited to, a statement in (1) a press release, (2) public relations material, or (3) the Company's

*Attachment B – Non-Prosecution Agreement with Patterson Companies, Inc.*
*United States v. Animal Health International, Inc.*

Page 3 of 5

websites. Notwithstanding the above, the Company may avail itself of any legal or factual arguments available (1) in defending litigation brought by a party other than the United States or (2) in any inquiry, complaint, notice of violation, investigation or proceeding brought by a state entity or by the United States Congress. This paragraph does not apply to any statement made by any individual in the course of any actual or contemplated criminal, regulatory, administrative, or civil case initiated by any governmental or private party against such individual.

13. The terms of this Agreement bind the USAO-WDVA and other divisions of the Department of Justice (collectively referred to as the "United States"), except that they do not bind the Tax Division of the Department of Justice or any state, local, or foreign law enforcement or regulatory agencies, or any other authorities. The USAO-WDVA will bring the cooperation of the Company and its compliance with its other obligations under this Agreement to the attention of such agencies and authorities if requested to do so by the Company.

14. The Company and the United States may disclose this Agreement and any other documents used to effectuate the objectives of this Agreement to the public.

15. Nothing in this Agreement resolves, in any way, any liability of any individual.

16. This Agreement and the Plea Agreement set forth all the terms of the agreement between the Company and the USAO-WDVA. No amendments, modifications, or additions to this Agreement will be valid unless they are in writing signed by the USAO-WDVA, the attorneys for the Company, and a duly authorized representative of the Company.

The Company acknowledges its acceptance of this Agreement by the signature of its counsel and Officer. A copy of a resolution by the Company's Board of Directors authorizing the Officer to execute this Agreement and all other documents to resolve this matter on behalf of the Company is attached as Addendum 1.

Date: February 12, 2020

Mark S. Walchirk
Authorized Corporate Officer
Patterson Companies, Inc.

*Attachment B – Non-Prosecution Agreement with Patterson Companies, Inc.*
*United States v. Animal Health International, Inc.*

Page 4 of 5

Counsel has fully explained to the Board of Directors of the Company the facts and circumstances of the investigation and the consequences of entering into this Agreement. Counsel has reviewed this entire Agreement and documents referenced herein with the client, through its Officer. The Company understands the terms and conditions of this Agreement, and the Company's decision to enter into this Agreement is knowing and voluntary. The Company's execution of and entry into this Agreement is done with Counsel's consent.

Date: 2/13/2020

Amy Conway-Hatcher, Esquire
Kyle Clark, Esquire
Baker Botts L.L.P.
Counsel for AHI and Patterson Companies, Inc.

Date: 2-13-2020

Randy Ramseyer
Assistant United States Attorney

*Attachment B – Non-Prosecution Agreement with Patterson Companies, Inc.*
*United States v. Animal Health International, Inc.*

Page 5 of 5

**EXHIBIT A**

## RESOLUTION OF THE
## BOARD OF DIRECTORS
## OF
## PATTERSON COMPANIES, INC.

### NON-PROSECUTION AGREEMENT

**WHEREAS**, the Company, together with outside counsel reporting to the Special Investigation Committee of the Board ("SIC Counsel"), has been in discussions with the U.S. Attorney's Office for the Western District of Virginia ("USAO-WDVA") to resolve its investigation into Animal Health International, Inc. by, among other things, having the Company enter into a Non-Prosecution Agreement (the "Agreement");

**WHEREAS**, SIC Counsel has advised the Board of the terms of the Agreement and the consequences of entering into the Agreement; and

**WHEREAS**, the Board has determined that it is in the best interest of the Company to enter into the Agreement.

**NOW, THEREFORE, BE IT RESOLVED**, that the Board hereby approves the Agreement and authorizes any executive officer of the Company (the "Authorized Officers") and SIC Counsel to execute and deliver the Agreement on behalf of the Company, with such changes thereto as the Authorized Officers may approve, such approval to be conclusively evidenced by the execution of the changed Agreement.

**RESOLVED FURTHER**, that the Authorized Officers and SIC Counsel are hereby authorized and directed to execute and deliver all other documents necessary to carry out the provisions of the Agreement.

**RESOLVED FURTHER**, that each Authorized Officer is hereby authorized and directed to acknowledge on behalf of the Company that the Agreement and related documents fully set forth the agreement made between the Company and the USAO-WDVA, and that no additional promises or representations have been made to the Company by any officials of the USAO-WDVA in connection with the Agreement and related documents, other than those set forth in therein.

**RESOLVED FURTHER**, that each Authorized Officer is hereby authorized and directed to make any payments required in connection with the Agreement.

**RESOLVED FURTHER**, that each Authorized Officer is authorized and empowered, in the name and on behalf of the Company, to make all such arrangements, to do and perform all such acts and things, and to execute and deliver all such documents, certificates and instruments as they may deem appropriate in order to effectuate fully the purpose of the foregoing resolutions, and that any actions taken heretofore and hereafter to accomplish such purposes be, and they hereby are approved, ratified and confirmed.

# CERTIFICATE OF SECRETARY

I, Les B. Korsh, herby certify that I am now, and at all times mentioned herein have been, the duly elected, qualified, and acting Secretary of **PATTERSON COMPANIES, INC.**, a Minnesota corporation (the "Corporation") and, as such officer, I have access to the records of the Company, which records of the Company reflect that:

1. RESOLUTIONS. Attached hereto as **Exhibit A** is a true and correct copy of resolutions that have been duly adopted by the Board of Directors of the Corporation on February 4, 2020, in compliance with, and not in contravention of, the articles of organization and bylaws of the Corporation; none of such resolutions have been repealed or modified in any respect, and all of such resolutions are in full force and effect on and as of the date hereof, and constitute the only action taken by the Board of Directors of the Corporation with respect to the subject matter hereof.

IN WITNESS WHEREOF, I duly executed this Certificate this __10th__ day of February, 2020.

_____
Les B. Korsh
Secretary of Patterson Companies, Inc.